United States District Court
Southern District of Texas
**ENTERED**
October 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY WAYNE McGRUDER, (TDCJ # 02251586), *Petitioner*, | § | |
| vs. | § | CIVIL ACTION NO. H-26-8676 |
| ERIC GUERRERO, as Executive Director of the Texas Department of Criminal Justice, *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Gary Wayne McGruder, (TDCJ #02251586), is an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division. Proceeding *pro se*, he has filed a document that he titled a petition for writ of mandamus. (Dkt. 1). He has also filed a motion to proceed *in forma pauperis*. (Dkt. 2). Because McGruder is no longer entitled to proceed *in forma pauperis*, this action is dismissed for the reasons explained below.

## I. BACKGROUND

Public records show that McGruder is currently confined in TDCJ under judgments for offenses that occurred in Brazos County in 2006 and 2017. He is no stranger to the Southern District of Texas, having filed no fewer than eight petitions

seeking federal writs of habeas corpus, no fewer than three civil-rights actions, and at least one prior petition for writ of mandamus in this district.

McGruder has titled his current pleading as a petition for writ of mandamus. (Dkt 1, p. 1). He cites numerous Texas Rules of Civil Procedure, including rules relating to jurisdiction, the amendment of pleadings, discovery, and work product. (*Id.* at 1–2). He references rules relating to sealed documents, alternative methods of appearing for court proceedings, and the use of courtroom technology. (*Id.* at 2–4). And the final page includes references to various immigration procedures and the Board of Immigration Appeals. (*Id.* at 5). Attached to the pleading are multiple pages of McGruder's medical records. (Dkts. 1-1, 1-2). But nowhere does the pleading identify any specific relief that McGruder is seeking.

## II. DISCUSSION

Because McGruder is incarcerated, his action is governed by the Prison Litigation Reform Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). The PLRA thus imposes a payment burden "on prisoners desiring to appear [*in forma pauperis*] in certain proceedings." *In re Stone*, 118 F.3d 1032, 1033 (5th Cir. 1997). Rather than proceeding without paying a filing fee, the PLRA requires "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or

proceeding" to pay the full filing fee, over time if necessary. § 1915(b)(1), (2). In addition, the PLRA prohibits a prisoner from bringing a civil action *in forma pauperis* if, while he has been incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Fifth Circuit has noted that the "plain language of the [PLRA] does not expressly encompass a writ of mandamus." *In re Stone*, 118 F.3d at 1033. Instead, whether the PLRA fee provisions apply to a prisoner's mandamus petition depends on the nature of the underlying action. *Id.* at 1034; *see also Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (per curiam). Generally, the PLRA fee provisions "apply to mandamus actions that seek relief analogous to civil complaints under 42 U.S.C. § 1983, but not to writs directed at judges conducting criminal trials." *Compare Santee*, 115 F.3d at 357 (finding that the PLRA fee provisions did not apply to a mandamus petition asking the court to order the state courts to take action on a pending habeas application), *with In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (per curiam) (applying the PLRA fee provisions to a mandamus petition arising from a civil rights action). Courts have interpreted Fifth Circuit precedent to mean that "the filing fee requirement found in 28 U.S.C. § 1915(b) does not apply to mandamus actions . . . which concern an underlying state court conviction, rather

than a civil rights violation of the sort actionable under 42 U.S.C. § 1983." *Williams v. Texas Ct. of Crim. Appeals*, No. CV H-20-0708, 2020 WL 1105112, at *1 n.7 (S.D. Tex. Mar. 6, 2020) (citing *In re Stone*, 118 F.3d at 1034), *appeal dismissed,* 815 F. App'x 784 (5th Cir. 2020).

Even read liberally, McGruder's pleading does not appear to challenge or relate to his underlying convictions for burglary of a habitation. It instead appears to concern some other unidentified civil action. Under these circumstances, the Court finds that McGruder's action is subject to the PLRA fee provisions that govern prisoner civil-rights actions, which include specific limitations on prisoners who have filed multiple prior actions.

Court records reflect that, while McGruder has been incarcerated, he has filed at least three civil actions that the courts have dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See McGruder v. Davis, et al.,* No. 26-cv-7127 (S.D. Tex. Sept. 10, 2026) (dismissed as frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994)); *McGruder v. Guerrero, et al.,* No. 4:26-cv-3796 (S.D. Tex. May 19. 2026) (dismissed as frivolous under *Heck*); *McGruder v. Davis, et al.,* No. 20-cv-3731 (S.D. Tex. Mar. 29, 2021) (dismissed for failing to state a claim upon which relief can be granted). As a result of these prior filings, McGruder may not proceed with this civil action *in forma pauperis* unless

his pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

The imminent-danger exception "operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury." *Castillo v. Bickham*, No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015). To fall within the exception, the inmate must be in imminent danger of serious physical injury when he files his complaint in the district court. *See Baños*, 144 F.3d at 884-85. The threat of injury must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the inmate must be facing "a genuine emergency" in which "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending[, and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). Allegations of past harm do not trigger the exception. *See Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *1 (N.D. Tex. Dec. 17, 2013). Further, "[p]risoners cannot

exempt themselves from the operation of § 1915(g) by claiming that they are in imminent danger at all times and under all circumstances." *Morris v. Walls*, No. 19-cv-0006-DC, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001) (generalized complaints of ongoing harassment, conspiracies to harm the plaintiff, or other forms of retaliation are insufficient to show an imminent danger of serious physical injury for purposes of § 1915(g)). And importantly, the threat of imminent serious physical injury must also be related to the allegations in the plaintiff's complaint. *See, e.g., Judd v. Fed. Election Comm'n*, 311 F. App'x 730, 731 (5th Cir. 2009) (per curiam); *Stine*, 571 F. App'x at 354 (rejecting a claim of imminent danger when the plaintiff did not "plausibly plead any connection between the alleged imminent danger" and his claims).

McGruder's pleading contains no allegations that could be construed as showing that he is in imminent danger of serious physical injury. He is therefore not entitled to proceed *in forma pauperis* in this action. As he has not paid the filing fee and may not proceed *in forma pauperis*, his action must be dismissed.

## III. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The "mandamus" action filed by Gary Wayne McGruder, (Dkt. 1), is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. All pending motions are **DENIED as moot.**

3. McGruder may move to reinstate this case only if he pays the full amount of the filing fee for a civil action ($405.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the petitioner.

SIGNED at Houston, Texas on Oct 30, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE